UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY MURRELL WHITE,

                Plaintiff,

  -vs-                          **No. 6:17-CV-06185 (MAT)**
                                    **DECISION AND ORDER**
NANCY A. BERRYHILL, *Acting
Commissioner of Social Security*,

                Defendant.

## I. Introduction

Represented by counsel, plaintiff Anthony Murrell White ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed an application for SSI on June 25, 2013, alleging disability as of April 12, 2013, due to

diabetes and back pain. Administrative Transcript ("T.") 78. Plaintiff's application was initially denied. T. 88-92. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Connor O'Brien on June 5, 2015, at which Plaintiff appeared with a representative. T. 27-72. On September 25, 2015, the ALJ issued an unfavorable decision. T. 9-26. On February 8, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-6. This action followed.

### III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 25, 2013, the date of his application. T. 14.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus; degenerative disc disorder in the lumbar spine; arthritis in the left elbow, shoulder, and foot; obesity; and alcohol dependency, in remission. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 15. The ALJ particularly considered Listings 1.02, 1.04, 9.00, 11.14, 12.09, and 14.09 in reaching this conclusion. *Id*.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the following additional limitations: requires a stand/sit option that allows him to change positions for up to 10 minutes after sitting for 45 minutes, for up to 10 minutes after standing for 10 minutes, and for up to 10 minutes after walking for 20 minutes, all without leaving the workstation; can never climb a rope, ladder, or scaffold; can never balance on narrow, slippery, or moving surfaces; can never kneel or crawl; can occasionally stoop, crouch, and climb stairs; can occasionally reach in all directions with his left (non-dominant) arm; can work to meet daily goals, but not maintain an hourly, machine-driven assembly line production rate; and requires up to three additional, less-than-five-minute unscheduled breaks beyond normal scheduled breaks. T. 17.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 21. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of order clerk and brake linings coater. T. 21-22. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 22.

3

**IV. Discussion**

   **A.   Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that (1) the ALJ's RFC finding was unsupported by substantial evidence and based on legal error and (2) the ALJ failed to properly evaluate Plaintiff's credibility. With respect to the RFC finding, Plaintiff more particularly argues that the ALJ failed to properly consider and weigh the opinions of

4

treating physician Dr. Marianne Taylor and consultative examiner Dr. Nikita Dave. For the reasons discussed below, the Court agrees with Plaintiff that the ALJ failed to appropriately assess Dr. Taylor's opinion. Accordingly, remand of this matter for further administrative proceedings is appropriate.

**B. Consideration of Dr. Taylor's Opinion**

Under the Commissioner's regulations in effect at the time the ALJ issued her decision in this case, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the

5

record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as her "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31-32).

In this case, treating physician Dr. Taylor completed a medical source questionnaire related to Plaintiff on April 26, 2015. T. 553-54. Plaintiff's diagnosis was lower back pain with radiculopathy and his prognosis was stable. T. 553. Dr. Taylor opined that Plaintiff's pain would frequently be severe enough to interfere with the attention and concentration needed to perform even simple work tasks. *Id*. Dr. Taylor further indicated that Plaintiff could occasionally lift less than 10 pounds, rarely lift 10 pounds, and never lift 20 pounds or more. *Id*. Moreover, Plaintiff would be limited to using one hand, as he requires the use of a cane. *Id*. Dr. Taylor indicated that Plaintiff could occasionally twist or stoop, rarely crouch, squat, or climb stairs, and never climb ladders. *Id*. Dr. Taylor was unsure how many city blocks Plaintiff could walk without rest or severe pain, but indicated that in an eight-hour work day with normal breaks, Plaintiff could stand or walk for less than two hours and sit for

about four hours. T. 554. Dr. Taylor opined that Plaintiff could sit for 45 minutes at a time and stand for 10 minutes at a time, and stated that Plaintiff's pain significantly impairs his daily functioning. *Id.* In Dr. Taylor's opinion, Plaintiff would likely be absent from work as a result of his impairments about one day per month. *Id.*

In her opinion, the ALJ afforded Dr. Taylor's opinion "some weight, as it is provided by a treating source who identified [Plaintiff's] significant limitations related to his back pain." T. 20. The ALJ identified two reasons for affording Dr. Taylor's opinion less than controlling weight: (1) because Plaintiff's "cane was not prescribed in the treatment notes;" and (2) because "[s]ome of the recommended limitations exceed what can be supported by the medical evidence and objective evidence, and are inconsistent with [Plaintiff's] response to care." *Id*. The ALJ did not specify which of the limitations identified by Dr. Taylor she felt were unsupported by the medical evidence of record, nor did the ALJ identify any particular medical evidence to support her conclusions regarding Dr. Taylor's opinion.

The ALJ's consideration of Dr. Taylor's opinion was erroneous and failed to comply with the treating physician rule. As an initial matter, the ALJ's statement that Plaintiff had not been prescribed with a cane is factually inaccurate. The medical record shows that nurse practitioner Julie Simmons prescribed Plaintiff with a cane on May 12, 2014. T. 456. While it may be the case that Plaintiff was the one who initially broached the topic of a

7

cane with his treatment providers (*see* T. 68-69), that does not change the fact that Plaintiff had a valid prescription for his cane. This factual inaccuracy by the ALJ plainly is not an appropriate reason to discount Dr. Taylor's opinion.

The ALJ's remaining discussion of Dr. Taylor's opinion was wholly conclusory. The ALJ merely asserted that Dr. Taylor's opinion was inconsistent with the evidence of record without providing any explanation or support for that conclusion. "Generic references to the record as a whole are not sufficient" to warrant rejection of a treating physician's opinion and "lack[] the specificity required to fulfill the ALJ's obligations to set forth the reasons for the weight assigned to a treating physician's opinion." *Agins-McClaren v. Colvin*, No. 14 CIV. 8648 (AJP), 2015 WL 7460020, at *8-9 (S.D.N.Y. Nov. 24, 2015) (collecting cases); *see also Rugless v. Comm'r of Soc. Sec.*, 548 F. App'x 698, 700 (2d Cir. 2013) (remanding for further administrative proceedings where the ALJ "gave only a conclusory explanation" of why treating physician's opinion was inconsistent with the medical evidence of record). "ALJs are required to specify the ways in which a treating physician's opinion is inconsistent with the record." *Agins-McClaren*, 2015 WL 7460020 at *9. The ALJ in this case failed to do so, and thereby violated the treating physician rule.

With respect to the proper remedy for the ALJ's violation of the treating physician rule, Plaintiff urges the Court to find that Dr. Taylor's opinion was entitled to controlling weight and to remand solely for calculation and payment of benefits. However, an

8

ALJ's failure to adequately apply the treating physician rule "does not . . . entitle [the claimant] to an outright reversal of the denial of benefits" where there is evidence in the record that arguably contradicts the treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 132 (2d Cir. 2008); *see also Agins-McClaren*, 2015 WL 7460020 at *9 (where there is a failure to properly apply the treating physician rule, it is generally appropriate "to give the Commissioner the opportunity to assess the evidence, applying the correct legal standard"). Here, the evidence of record (including Dr. Dave's consultative examination) is not so clear cut that remand solely for calculation and payment of benefits is warranted. Instead, the Court remands the matter for further administrative proceedings. On remand, the ALJ shall properly weigh Dr. Taylor's opinion and shall comprehensively set forth the reasons for the weight afforded to it.

### C. Plaintiff's Other Arguments

As set forth above, Plaintiff has also argued that the ALJ improperly assessed Dr. Dave's opinion and did not apply the appropriate legal standard in considering Plaintiff's credibility. Having determined that remand of this matter for further administrative proceedings is necessary, the Court need not and does not reach these arguments.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative

9

proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: July 20, 2018
Rochester, New York.